**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| F-SQUARED INVESTMENT MANAGEMENT, LLC, *et al.*,[1] | ) ) ) ) | Case No. 15-11469 (LSS) |
| Debtors. | ) ) ) | |
| CRAIG JALBERT, IN HIS CAPACITY AS TRUSTEE FOR F2 LIQUIDATING TRUST, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Adv. No. **Refer to Summons** |
| Burnaev Evgeny, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff Craig Jalbert ("Plaintiff" or "Trustee"), as trustee of the F2 Liquidating Trust (the "Liquidating Trust") of the estates of F-Squared Investment Management LLC and its subsidiaries (collectively, "F-Squared" or the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") against Burnaev Evgeny (the "Defendant"), and alleges as follows:

**NATURE OF THE CASE**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), F-Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788).  The Debtors' address is 2221 Washington Street, Suite 201, Newton, Massachusetts 02462.

{00020773. }                                        1

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy cases of the Debtors pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *F-Squared Investment Management, LLC, et al.,* Case No. 15-11469 (LSS), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

7.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8.      On July 8, 2015 (the "Petition Date"), the Debtors filed voluntary petitions in this Court under chapter 11 of the Bankruptcy Code.

9.      On October 28, 2015, this Court entered the *Order Confirming Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Confirmation Order" and "Plan," respectively). [Confirmation Order, D.I. 486; Plan, D.I. 478].

10.     The effective date of the Plan (the "Effective Date") occurred on January 22, 2016. [D.I. 511].   In accordance with the Plan and Confirmation Order, the Liquidating Trust was established, and the Debtors and the Trustee entered into that certain F-Squared Liquidation Trust Agreement filed as Exhibit A to the *Notice of Filing of Plan Supplement to Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 457].

11.     Pursuant to Article III, Section B.3 of the Plan, General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

12.     Pursuant to the Confirmation Order and Article IV Section B.1 of the Plan, the Liquidating Trust Assets, including Avoidance Actions (as defined in the Plan) arising under

chapter 5 of the Bankruptcy Code, were transferred to the Trust.  See D.I. 486.  Under the Plan, Confirmation Order, and the Liquidating Trust Agreement, the Trustee was appointed to administer the Trust and has standing, among other things, to settle or abandon Avoidance Actions under chapter 5 of the Bankruptcy Code, including this avoidance action.

13.    Upon information and belief, the Defendant is either a corporation, partnership, governmental unit, individual, or other entity that transacted business in the United States with one or more of the Debtors and who received one or more transfers from the Transferor Debtor.

14.    Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods or services to or for the Debtors.

15.    Upon further information and belief, at all relevant times, Defendant's principal place of business is the location set forth on **Exhibit A** attached hereto and incorporated herein by reference.

**FACTUAL BACKGROUND**

16.    As more fully discussed in the *Declaration of David N. Phelps in Support of Chapter 11 Petitions and First Day Motions*[2] and in the Plan, prior to the Petition Date, and for some time thereafter, the Debtors were SEC registered investment management and research firms with corporate headquarters in Wellesley, Massachusetts and a research and development team located in New Jersey.  The Debtors' clients generally were investment advisors who sold the Debtors' investment portfolio model services to their own clients.

17.    As of the Petition Date, the Debtors utilized a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds

---

[2] D.I. 3.

{00020773. }                                          4

in the Debtors' business.[3]  As of the Petition Date, the Cash Management System consisted of eighteen bank accounts comprised of several account types, including depository, concentration, payroll, accounts payable, and investment accounts, which were maintained at People's United Bank ("People's"), Folio Investments ("Folio"), and Charles Schwab & Co. Inc. ("Schwab", and together with People's and Folio, the "Banks") [D.I. No. 5].

18.    Among these bank accounts, disbursements to vendors were made from two People's accounts ending in 0499 held by debtor F-Squared Investment Management, LLC, and 0502 held by debtor F-Squared Investments, Inc. (the "Disbursement Accounts").    The Disbursement Accounts were used to pay the debts incurred by the Debtors.  The Debtors engaged in intercompany transactions to maintain control over funds moving within the Debtors' corporate group.  Further, the Debtors were able to accurately and carefully trace and account for all intercompany transactions.  Upon information and belief, based upon the Debtors' intercompany transactions and the tracking and tracing of these transactions, the Debtor incurring each debt directed and caused the payments on each of its debts issuing from the Disbursement Accounts.

19.    During the ninety (90) days before the Petition Date, that is between April 9, 2015, and July 8, 2015 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.  The Debtors drew upon the Disbursement Accounts to pay for their operational costs, including to pay their vendors, suppliers, distributors, and other creditors, including Defendant.

---

[3] More information on the cash management system can be found in the *Debtors' Motion (I) to Continue to Use Existing Cash Management System, Including Maintenance of Existing Investment Accounts, Bank Accounts, Checks and Business Forms, (II) for Waiver of Certain Requirements of the United States Trustee, and (III) for Extension of Time to Comply with Section 345 of the Bankruptcy Code.* [D.I. 5].

{00020773. }                                                5

20.     Upon information and belief, during the course of their relationship, the Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant as described in the "Parties" section of this Complaint. The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as **Exhibit A**. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

21.     Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements.

22.     As identified in the Agreements identified on **Exhibit A**, one or more of the Debtors purchased goods and/or services from Defendant or otherwise held a debt owed by one or more of the Debtors.

23.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period. Prior to commencing this action, Plaintiff made due demand on June 9, 2017 to the Defendant for the return of the Transfer(s).

24.     Plaintiff has determined that one or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $15,000.00 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on **Exhibit A** attached hereto and

incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

25.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

26.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

27.     As more particularly described on **Exhibit A** attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on **Exhibit A** made Transfers to or for the benefit of Defendant in an aggregate amount not less than $15,000.00.

28.     Each Transfer was made from the Disbursement Account described *supra,* and constituted transfers of an interest in property of the transferring Debtor(s) as identified on **Exhibit A**.

29.     Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on **Exhibit A** goods and/or services identified in this Complaint and in the

{00020773. }                                    7

Agreements, as more fully set forth on **Exhibit A** hereto, for which the Debtor(s) identified on **Exhibit A** were obligated to pay following delivery in accordance with the Agreements.

30.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on **Exhibit A** to Defendant.

31.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on **Exhibit A** to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on **Exhibit A** hereto.

32.     Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

33.     Each Transfer was made during the Preference Period, as set forth on **Exhibit A**.

34.     As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

35.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

37.     To the extent one or more of the Transfers identified on **Exhibit A** was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

> A.     The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or
>
> B.     The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or
>
> C.     The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

38.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

{00020773. }                                     9

40.     Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (together, the "Avoidable Transfers").

41.      Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

42.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

43.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

44.     Defendant is a transferee of transfers avoidable under sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

45.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

46.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

47.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

### PRAYER FOR RELIEF

{00020773. }                                    10

WHEREFORE, Plaintiff requests that this Court grant him the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548 and 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 30, 2017
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner, Esq. (DE 3995)
Scott J. Leonhardt, Esq. (DE 4885)
Jason A. Gibson, Esq. (DE 6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com
leonhardt@teamrosner.com
gibson@teamrosner.com

*-and-*

**BROWN RUDNICK LLP**

William R. Baldiga, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
wbaldiga@brownrudnick.com

Sunni P. Beville, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
sbeville@brownrudnick.com
sdwoskin@brownrudnick.com

*Counsel for the Liquidating Trust*

{00020773. }                                     12